East'n. District.
*Jany.* 1825.

ABAT
*vs.*
CASTERES.

Action of red-
hibition does
not take place
in sales made by
authority of
justice.

The purcha-
ser at sheriff's
sale
cannot refuse
payment on the
ground that he
has bought
without title,
he must *be evic-
ted.*

The power
to imprison a
purchaser at
sheriff's sale,
until he comply
with the con-
tract, is not un-
constitutional.

*ABAT* vs. *CASTERES.*

*ABAT* vs. *VALLET.*

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The defendant having become the purchaser and received possession of property at a sheriff's sale, refused to carry the contract into effect, on an allegation that the slave adjudged to him, was not the property of the person in whose name she was sold, and also that she was afflicted with redhibitory defects.

The plaintiff applied to the parish court for a rule on the defendant, to shew cause why he should not be imprisoned, after refusing to perform his contract.

In opposition to this demand, the defendant introduced evidence to establish the truth of the allegations, on which he had refused to comply with his purchase, and the court being of opinion that the facts proved by him constituted a legal defence, discharged the rule.— The plaintiff appealed.

We dismiss from our consideration every thing in relation to the redhibitory defects, as

our law contains an express provision that the action of redhibition connot be brought in relation to property, purchased at a sale made by authority of justice.

The only question, which requires some examination, is that by which the defendant alleges want of title in the person, as the property of whom the slave was sold.

By the act of 1817, in relation to judicial proceedings it is provided "that when eviction shall take place, for want of title in the debtor, the purchaser, at sheriff's sale, shall have an action against both the debtor and creditor for his purchase money, but he may be first compelled to discuss the property of his debtor." This provision introduced an entirely new regulation on the matter of which it treats. By the ancient laws of this country, the purchaser at sheriff's sale who was evicted of the thing sold, could have recourse only against the debtor. He had no action against the creditor, unless the latter bound himself in warranty, or knowing that thing belonged to another, pointed it out, and required it should be sold. The evidence taken in this case does not bring the plaintiff within any of these exceptions, and the defendant's rights must of

ABAT
*vs.*
CASTERES.

course be ascertained by the act of the legislature already cited.    That act, as we have seen, limits the responsibility of the creditor to the case of eviction, and that not being shewn here, the defendant has not justified his pretention to refuse payment of the property purchased by him.    *Acts of the legislature,* 1817, 40, *sec.* 20.  *Partida,* 5,   13, 50.    *Curia Philip, p.* 2. *Verbo, remate, no.* 17. *Febrero, p.* 2, *lib.* 3, *cap.* 2 § 5, *no.* 351.

The defendant has urged, that the provision of the Spanish law which authorises the plaintiff in execution, to have the person of the purchaser at sheriff's sale, arrested and imprisoned, in case he fails to comply with the contract of adjudication, is repealed by the genius and spirit of the free institutions under which we are now happily placed.    The court is unable to see the subject in this point of view.    The remedy is certainly a harsh and severe one, but there is nothing unconstitutional in it.    The policy of imprisoning debtors has been much questioned, but we are not aware that the authority of the legislature to enforce obligations by this remedy has been called in doubt.    In point of severity the regulation here attacked is not perhaps worse than the right given to the

creditor to arrest the debtor, in the incipient state of the suit, and imprison him until he give bail.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that John Vallet be arrested and committed to prison, until he pay the sum of $ 303, the amount of the price of a slave, purchased by him on an execution which issued at the suit of Antoine Abat *vs.* B. Casteres, and it is also adjudged and decreed that the said John Vallet pay the costs of this appeal, and those of the proceedings had in the court of the first instance.

*Seghers* for the plaintiff, *Canonge* for the defendant.